# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JERRY T. REINER, JR.                                                                 PLAINTIFF

V.                         2:08CV00169 SWW/HDY

JOHN COLLIER, Jail Administrator, Cross County Jail            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who was a pretrial detainee at the Cross County Jail, commenced this action pursuant to 42 U.S.C. § 1983 alleging denial of adequate medical care for an ankle injury. The Court granted Plaintiff leave to proceed *in forma pauperis* and ordered service on Defendant on September 19, 2008 (docket entry #3). The Defendant filed his Answer (docket entry #7) and commenced discovery.

On December 9, 2008, Defendant filed a Motion for Order Compelling Answers to Discovery Requests (docket entry #10). According to the exhibits accompanying the Motion, Defendant sent to Plaintiff his Interrogatories, Requests for Production of Documents, and a medical authorization release form on October 9, 2008 (docket entry #10-2). When he received no response, Defendant's attorney sent a second letter on November 12, 2008 (docket entry #10-3) asking again for Plaintiff

to respond to the discovery requests and informing him that if he failed to do so, Defendant would seek an order from the Court to compel him to respond.

On December 9, 2008, having received no response, Defendant filed his Motion to Compel (docket entry #10), and this was granted on December 31, 2008 (docket entry #12). In that Order, Plaintiff was directed to respond to the discovery requests, including signing and returning the medical release form, within ten days of the Order's entry date. Plaintiff was reminded of the sanctions available to the Court in Rule 26 of the Federal Rules of Civil Procedure for failure to comply with discovery requests, as well as the requirements of Local Rule 5.5(c)(2). All of these pleadings and Orders have been mailed to Plaintiff at the Cross County Jail, the address he provided to the Court at the time he filed his Complaint, and no correspondence from the Court has been returned as undeliverable.

Defendant has now filed a Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (docket entry #14), which provides:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claims against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*Id.* This Motion was filed on January 16, 2009, and Plaintiff's time to respond has long since passed with no communication from him. In fact, the Court's sole communication from Plaintiff was the filing of his Complaint on September 12, 2008.

Under these circumstances, the undersigned concludes that Plaintiff's Complaint should be

dismissed with prejudice for failure to prosecute or respond to the Court's order. Fed.R.Civ.P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir.1986)(*quoting Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir.1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir.1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution). While this a "drastic sanction" to be "exercised sparingly," *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983), the obvious abandonment by Plaintiff of his claims and the resulting prejudice to the Defendant warrants that this dismissal operate as an adjudication on the merits. FED.R.CIV.P. 41(b).

## CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss (docket entry # 14) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

DATED this   13   day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE